**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS RAFAEL PALENCIA-ARIAS, | |
| Petitioner, | CIVIL ACTION NO. 3:26-CV-01333 |
| v. | (MEHALCHICK, J.) |
| WARDEN, PIKE COUNTY CORRECTIONAL FACILTIY, | |
| Respondent. | |

**MEMORANDUM**

*Pro se* Petitioner Luis Rafael Palencia-Arias ("Palencia-Arias"), a citizen of Venezuela,

brings this petition for writ of habeas corpus. (Doc. 1). On May 15, 2026, Palencia-Arias filed

the instant petition requesting that the warden of the Pike County Correctional Facility[1]

release him from custody at the Pike County Correctional Facility in Lords Valley,

Pennsylvania. (Doc. 1, at 1). For the following reasons, Palencia-Arias's petition (Doc. 1) is

**GRANTED**, and Lowe is **ORDERED** to release Palencia-Arias from custody.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The following background is derived from Palencia-Arias's petition, Lowe's response,

Palencia-Arias's declaration, and the exhibits thereto. (Doc. 1; Doc. 5; Doc. 6). Palencia-

Arias is a citizen of Venezuela who entered the United States near El Paso, Texas on

September 6, 2022, and applied for asylum. (Doc. 5, at 2; Doc. 5-2, at 2; Doc. 6, at 1).

---

[1] Craig Lowe ("Lowe") is the warden of the Pike County Correctional Facility. *See Quintana-Islasv v. Lowe*, No. 3:26-CV-01283, 2026 WL 1507817, at *1 n.1 (M.D. Pa. May 29, 2026) (recognizing that Lowe is the Warden of the Pike County Correctional Facility and the proper respondent for habeas petitions filed by the facility's inmates).

Immigration and Customs Enforcement ("ICE") initially detained Palencia-Arias on September 6, 2022, but ultimately released him on his own recognizance. (Doc. 5-2, at 2). According to the government, on March 13, 2026, ICE encountered Palencia-Arias after New Jersey law enforcement arrested him for driving under the influence, but Palencia-Arias disputes this characterization of events. (Doc. 5, at 3; Doc. 6, at 1). Palencia-Arias contends that ICE detained him on March 18, 2026, at a New Jersey police station after he voluntarily went to the station to resolve a traffic citation. (Doc. 6, at 1). The government provides no police or court records indicating that New Jersey law enforcement arrested Palencia-Arias for driving under the influence and ICE records state that Palencia-Arias does not have a conviction for driving under the influence. (Doc. 5, at 3; Doc. 5-2, at 20). It is undisputed that ICE detained Palencia-Arias in March 2026 pursuant to 8 U.S.C. § 1225(b)(2)(A) and denied him a bond hearing. (Doc. 5, at 3, 21; Doc. 6, at 1-2).

On May 15, 2026, Palencia-Arias filed his petition. (Doc. 1). On May 26, 2026, Lowe filed a response. (Doc. 5). Palencia-Arias filed a declaration on June 1, 2026, the day the Court ordered him to file a traverse. (Doc. 3, at 2; Doc. 6). Accordingly, this matter is ripe and ready for disposition.

## II.   LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting

*Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections); *see also Kashranov*, 2025 WL 3188399 at *8 (finding that the appropriate remedy when the government detains a petitioner under an inapplicable statute, violating due process, is release from custody).

### III.   THE BASIS OF PALENCIA-ARIAS'S CLAIMS

Courts must liberally construe *pro se* filings and a *pro se* habeas petitioner should not be expected to identify a specific legal theory as counsel would be expected to so long as the *pro se* petitioner provides the Court with allegations sufficient to find a violation of their statutory or constitutional rights. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'"); *see also Gonzalez-Leyva v. Warden, FCI Fort Dix*, No. CV 23-2715 (CPO), 2025 WL 1088120, at *1 (D.N.J. Apr. 11, 2025) (stating "Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. Courts

must construe pro se habeas petitions and any supporting submissions liberally and with a measure of tolerance" (citations omitted)). Palencia-Arias submits that he is improperly detained because he is in the United States legally, has a pending asylum claim, has work authorization, and ICE has detained him without affording him a bond hearing despite him not having a serious criminal history. (Doc. 1, at 7-8). As the Court noted in its order to show cause, Palencia-Arias's case appears to resemble cases in which "[c]ourts in the Third Circuit have found that [8 U.S.C. § 1226] applies to noncitizens who previously entered the country and have been residing in the United States for an extended period of time prior to being apprehended and placed in removal proceedings." (Doc. 3, at 1) (citing *Cantu-Cortes v. O'Neill*, No. 25-CV-6338, 2025 WL 3171639 at 1-2 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150 at 14-17 (W.D. Pa. Oct. 23, 2025); *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572 at 4-7 (D.N.J. Oct. 22, 2025)). The Court will liberally construe Palencia-Arias's petition to be a challenge to ICE's statutory basis to detain him without a bond hearing and a challenge to Lowe allegedly violating his due process rights, similar numerous other challenges which have recently been before the Middle District and the Court's sister courts in the Third Circuit. (Doc. 1); *see Cantu-Cortes*, 2025 WL 3171639 at 1-2; *Kashranov*, 2025 WL 3188399 at 5; *Del Cid v. Bondi*, 2025 WL 2985150 at 14-17; *Bethancourt Soto v. Soto*, 2025 WL 2976572 at 4-7. Like in those recent cases, the government argues that it properly detained Palencia-Arias under 8 U.S.C. § 1225(b), properly denied him a bond hearing, and did not violate his due process rights. (Doc. 5, at 21). Accordingly, the Court will assess whether Palencia-Arias should be detained under 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a) and whether Lowe violated Palencia-Arias's procedural due process rights

4

## IV.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is detained pursuant to the appropriate statute, 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a), and is entitled to a bond hearing are "now or never" legal questions that remain in the jurisdiction of district courts. *See Kahlil*, 164 F.4th at 274-77; *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined). A determination of whether § 1225(b) or § 1226(a) applies to a petitioner also determines whether that petitioner is entitled to a bond hearing. *See Matter of Yajure Correa*, 29 I. & N. Dec. 126 (BIA 2025) (holding immigration judges lack authority to hear bond

requests for noncitizens detained under § 1225(b)); *see Kashranov*, 2025 WL 3188399 at *5 (citing § 1226(a)) (finding § 1226(a) allows for detainees to be released on conditional parole or bond). Such claims do not arise from removal proceedings, they arise "now." If left to be raised on a PFR, the petitioner will never get the opportunity for an immigration judge to determine their eligibility for bond during removal proceedings. *See Kahlil*, 164 F.4th at 274-77 ("when [noncitizens] raise claims that courts cannot 'meaningfully' review through the PFR process, those claims do not 'aris[e] from' the 'action[s] taken' or 'proceeding[s] brought' to remove them"). Thus, the Court retains jurisdiction because the legal questions of whether § 1225(b) or § 1226(a) applies to Palencia-Arias and whether Palencia-Arias is entitled to a bond hearing are wholly collateral to his removal proceedings and cannot be meaningfully reviewed on a PFR. *Jennings*, 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79.

## V.   DISCUSSION

Lowe contends that Palencia-Arias is subject to mandatory detention because he falls squarely under 8 U.S.C. § 1225(b)(2)(A) and is not eligible for release on bond. (Doc. 5, at 4-5, 21). Lowe further avers that because Palencia-Arias's detention without a bond hearing is authorized by the INA, his mandatory detention does not violate due process. (Doc. 5, at 21-25). The Court will first address whether Palencia-Arias was properly detained under § 1225(b)(2)(A) or under § 1226(a). The Court will then address whether Palencia-Arias's detention violates due process.

### A.  LOWE IMPROPERLY DETAINED PALENCIA-ARIAS UNDER 8 U.S.C. 1225(B)(2)(A).

Lowe improperly detained Palencia-Arias under 8 U.S.C. § 1225(b)(2)(A), when Lowe should have detained Palencia-Arias under 8 U.S.C. § 1226(a). (Doc. 5, at 4-5, 21) (stating Palencia-Arias is detained under § 1225(b)(2)(A)). The INA is a comprehensive statute

regulating immigration, which Congress has repeatedly reworked since its enactment in 1952. *Kashranov*, 2025 WL 3188399, at *1. Before 1996, the INA provided that noncitizens who presented themselves at ports of entry were subject to mandatory detention during exclusion proceedings, while noncitizens who evaded inspection by entering elsewhere were afforded the opportunity to obtain release during deportation proceedings. *Matter of Yajure Correa*, 29 I. & N. Dec. 216, 222-223 (BIA 2025) (citing 8 U.S.C. §§ 1225(a); 1251 (1994)). In 1996, the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") amended the INA to include § 1225 and § 1226, in part, to end the preferential treatment of noncitizens who evaded inspection when entering the United States. OMNIBUS CONSOLIDATED APPROPRIATIONS ACT, 1997, PL 104–208, September 30, 1996, 110 Stat 3009; H.R. Rep. No. 104-469, at 225 (1996); *see Correa*, 29 I. & N. Dec. at 223. With the IIRIRA, Congress eliminated separate exclusion and deportation hearings and combined them into a single removal proceeding, regardless of where the noncitizen entered the United States. 8 U.S.C. § 1229a. Since 1996, only noncitizens who are admitted are subject to deportation, while noncitizens who have never been formally admitted are deemed inadmissible. 8 U.S.C. § 1182(a).

Pursuant to section 1225(b)(1) of the IIRIRA, when a noncitizen enters the United States at a designated port of entry or immigration authorities encounter a noncitizen "within 14 days of entry without inspection and within 100 air miles of any U.S. international land border," the noncitizen is considered an "arriving alien" and is generally subject to expedited removal, unless they indicate an intention to apply for asylum. 8 U.S.C. § 1225(b)(1)(A); *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). If the asylum officer finds a noncitizen's asserted fear of persecution to be credible, the noncitizen's asylum

claim will be fully considered in a standard removal hearing. 8 C.F.R. § 208.30(f); 8 U.S.C. § 1225(b)(1)(B)(ii). Such a noncitizen is subject to detention while an immigration judge considers their asylum application; however, DHS may grant such a noncitizen parole into the United States for humanitarian purposes under 8 U.S.C. § 1182(d)(5). 8 U.S.C. § 1225(b)(1)(B)(ii); 8 U.S.C. § 1182(d)(5). However, Lowe avers that Palencia-Arias is subject to mandatory detention and expedited removal under § 1225(b)(2)(A), not § 1225(b)(1). (Doc. 5, at 4-5, 21).

Section 1225(b)(2)(A) of the INA is a catchall provision that applies to applicants for admission not otherwise covered by § 1225(b)(1). *Jennings*, 583 U.S. at 287. Section 1225(b)(2)(A) of the INA provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained [pending removal hearings]." Pursuant to this provision, noncitizens are subject to mandatory detention while their removal proceedings are pending, but they may be released "for urgent humanitarian reasons or significant public benefit." *Jennings*, 583 U.S. at 288 (citing § 1182(d)(5)(A)); *Kashranov*, 2025 WL 3188399, at *1. To trigger § 1225(b)(2)(A), an examining immigration officer must determine that an individual is (1) an applicant for admission, (2) seeking admission, and (3) not clearly and beyond a doubt entitled to be admitted. *Martinez v. Hyde*, 792 F. Supp. 3d, 211, 214 (D. Mass. July 24, 2025), *Kashranov,* 2025 WL 3188399, at *6. Section 1225(b)(2)(A) applies only to a noncitizen who is both an "applicant for admission" and "seeking admission." *Kashranov*, 2025 WL 3188399, at *6; *Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases).

The INA defines an applicant for admission as a noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." § 1225(a)(1); *Jennings*, 583 U.S. at 286. The phrase "alien seeking admission" is not defined in § 1225, so the Court must construe the phrase based upon its ordinary meaning and statutory context. *See Kashranov*, 2025 WL 3188399, at *6; *see also J.A.M. v. Streeval*, No. 4:25-cv-34 2, 2025 WL 3050094, at *5 (M.D. Ga. Nov. 1, 2025). District courts in the Third Circuit and across the country have found that "seeking admission" describes active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry. *Kashranov*, 2025 WL 3188399, at *6; *Del Cid v. Bondi*, No 3:25-cv-00304, 2025 WL 2985150, at *16 n. 7 (W.D. Pa. Oct. 23, 2025); *J.A.M.*, 2025 WL 3050094, at *3; *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *6 (N.D. Ill. Oct. 16, 2025); *see Cantu-Cortes*, 2025 WL 3171639, at *2 (quoting *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL2676082, at *13 (D. Nev. Sept. 17, 2025)) (finding a noncitizen who has already been residing in the United States cannot be characterized as "seeking entry" consistent with the ordinary meaning of that phrase). This reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*, 583, U.S. 281, 285 (2018), that § 1225(b) "applies primarily to aliens seeking entry into the United States," those who are "seeking admission into the country." *See Soto*, 807 F. Supp. 3d at 407. This reading also preserves a distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning. *Kashranov*, 2025 WL 3188399, at *6.

Section 1226 of the INA applies to noncitizens who are not seeking admission but are already present in the United States. *Jennings*, 583 U.S. at 288-89. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained

pending a decision on whether the alien is to be removed from the United States." The Attorney General may release a noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a)(2). Pursuant to § 1226(a), "[i]mmigration authorities make an initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At their bond hearing, a noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397-98 (2019); *see Kashranov*, 2025 WL 3188399, at *1.

On July 8, 2025, ICE and the Department of Justice announced a new practice, in which all applicants for admission, regardless of when the noncitizens were apprehended, are now subject to the mandatory detention provision of § 1225(b)(2)(A). Interim Guidance Regarding Detention Authority for Applicants for Admission, https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited June 11, 2026). On September 5, 2025, the BIA adopted the DOJ's new position, holding that immigration judges have no authority to consider bond requests for any person who entered the United States without admission, finding all applicants for admission are subject to detention under § 1225(b)(2)(A) and are ineligible for release on bond. *Matter of Yajure Correa*, 29 I. &N. Dec. 216 (BIA 2025). Several district courts across the country, including courts in the Third Circuit, reject this new policy and the application of § 1225(b)(2)(A) to noncitizens who have been residing in the United States for a period of time before they are detained by ICE pending removal proceedings. *Cantu-Cortes*, 2025 WL 3171639, at *2 (finding that § 1226(a), not § 1225(b)(2)(A), is applicable to a petitioner who resided in the United States for approximately 25 years before

ICE detained him); *Kashranov,* 2025 WL 3188399, at \*1 (finding "mandatory detention only applies for aliens who are "seeking admission," and petitioner who lived in the United States for almost two years was not seeking admission but was "already here"); *Del Cid v. Bondi,* 2025 WL 2985150 at \*14-17 (finding noncitizens who had been in the United States for over two years when arrested are subject to § 1226(a) not § 1225); *Soto,* 807 F. Supp. 3d at 408 (collecting cases). The Second, Seventh, and Eleventh Circuit Courts of Appeals have similarly found that § 1226 and not § 1225(b)(2)(A) applies to noncitizens detained after residing in the country for an extended period of time.[2] *See* Barbosa da Cunha v. Freden, 175 F.4th 61, 91 (2d Cir. 2026); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026).

Section 1226(a), not § 1225(b)(2)(A), applies to Palencia-Arias's detention. Palencia-Arias should have been detained under § 1226(a) because he was arrested by immigration officers and detained after he had been in the United States for over three years and ICE arrested him pursuant to a warrant consistent with the language of § 1226(a). (Doc. 5, at 2-3); *see* 8 U.S.C. § 1226(a) (stating "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained"); *see also Jennings,* 583 U.S. at 289 ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2) . . . [and] to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)"); *see also Soto,* 807 F. Supp. 3d at

---

[2] The Court acknowledges that the Fifth Circuit and Eighth Circuit recently issued decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) and *Avila v. Bondi,* 170 F.4th 1128, 1138 (8th Cir. 2026) respectively, both holding that under the INA an "applicant for admission" is necessarily someone who is "seeking admission." However, *Buenrostro-Mendez* and *Avila* are not binding on the Court.

403. Section 1225(b)(2)(A) does not apply to Palencia-Arias because Palencia-Arias is not seeking admission into the United States, and Section 1225(b)(2)(A) applies to noncitizens who are applicants for admission *and* are seeking admission to the United States. *See Martinez,* 792 F. Supp. 3d at 214; *see Kashranov,* 2025 WL 3188399, at \*6; *see also Soto,* 807 F. Supp. 3d 397, at 408. Palencia-Arias is not actively attempting to come into the United States. Palencia-Arias has lived in the United States since 2022. (Doc. 5, at 2-3). Based on the plain meaning of the phrase "seeking admission," Palencia-Arias sought admission when he entered the United States in 2022. (Doc. 5, at 2-3). Instead, § 1226(a) applies to applicants for admission, like Palencia-Arias, who are not actively seeking admission but who have been residing in the United States for an extended period. *See e.g. Kashranov,* 2025 WL 3188399, at \*1 (finding "mandatory detention only applies for aliens who are 'seeking admission,'" and petitioner who lived in the United States for almost two years was not seeking admission but "already here"). Accordingly, Lowe improperly detained Palencia-Arias under § 1225(b), when he should have been detained under § 1226(a).

    B.  <u>LOWE VIOLATED PALENCIA-ARIAS'S DUE PROCESS RIGHTS BY IMPROPERLY SUBJECTING HIM TO MANDATORY DETENTION.</u>

Lowe's continued mandatory detention of Palencia-Arias under § 1225(b)(2)(A) violates Palencia-Arias's procedural due process rights. The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976). The *Mathews* balancing test weighs:

(1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the government's interest, including administrative burdens of additional procedures. *Mathews*, 424 U.S. at 334.

The first factor, private interest implicated by the government action, weighs heavily in Palencia-Arias's favor because Lowe has deprived Palencia-Arias of his physical liberty through improper detention without the possibility of bond under § 1225(b). *Hamdi v. Rumsfield*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by [the] government."); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment-from government custody, detention, or forms, of physical restraint-lies at the heart of the liberty [the Due Process Clause] protects"); *Soto*, 807 F. Supp. 3d at 409. The second factor, risk of erroneous deprivation and probable value of additional safeguards, also weighs heavily in Palencia-Arias's favor because Palencia-Arias remains erroneously detained without the possibility of release on bond pursuant to § 1225(b). *See Soto*, 807 F. Supp. 3d at 409 (citing *Barrios v. Shepley*, No. 1:25-cv-00406-JAW, 2025 WL 2772579, at *11 (D. Me. Sept. 29, 2025)); *see also Zumba v. Bondi*, No. 25-cv-14626, 2025 WL 2753496, at *10 (D.N.J. Sept. 26, 2025)) (finding the second *Mathews* factor weighs in petitioner's favor when subject to erroneous detention without a showing from the government that petitioner presented a public safety or flight risk); *see also Kashranov*, 2025 WL 3188399, at *5 (finding the lack of any individualized assessment creates a high risk of error). The third *Mathews* factor, the government's interest, also weighs in Palencia-Arias's favor. Generally, the government's interest in detaining noncitizens is to ensure the appearance of noncitizens at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690; *Soto*, 807 F. Supp. 3d at 409-10. Here, Lowe does not allege that Palencia-Arias poses

13

a flight risk or danger to the community. (*See* Doc. 5).   Rather, the record suggests that Palencia-Arias was complying with ICE's directives given that he applied for asylum and followed the process to obtain work authorization. (Doc. 6, at 1-2). As each *Mathews* factor weighs in Palencia-Arias's favor, Lowe's mandatory detention of Palencia-Arias under § 1225(b)(2)(A) violates Palencia-Arias's procedural due process rights. Accordingly, Palencia-Arias's petition for writ of habeas corpus is **GRANTED**, and Lowe is **ORDERED** to release Palencia-Arias from custody.

**VI.**   **CONCLUSION**

For the foregoing reasons, Palencia-Arias's petition for writ of habeas corpus is **GRANTED**. (Doc. 1). Lowe is **ORDERED** to release Palencia-Arias from custody. Lowe is also permanently enjoined from re-detaining Palencia-Arias under § 1225(b). Palencia-Arias may move to reopen this matter if the government seeks to detain him under § 1226(a) and fails to schedule a timely bond hearing. The Clerk of Court is directed to close this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: June 17, 2026**         */s/ Karoline Mehalchick*
                                  **KAROLINE MEHALCHICK**
                                  **United States District Judge**